IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Carissa Grubel, | : |
| Plaintiff, | : Civil Action No.: _____ |
| v. | : |
| PMAB, LLC; and DOES 1-10, inclusive, | : **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| Defendants. | : |

For this Complaint, the Plaintiff, Carissa Grubel, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. ("TCPA"), and the invasions of Plaintiff's personal privacy by the Defendant and its agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Plaintiff resides in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. The Plaintiff, Carissa Grubel ("Plaintiff"), is an adult individual residing in Simpsonville, South Carolina, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3) and is a "person" as the term is defined by 47 U.S.C. § 153(39)

5. Defendant PMAB, LLC ("PMAB"), is a North Carolina business entity with an address of Two Lake Point Plaza, 4135 South Stream Boulevard, Suite 400, Charlotte, North Carolina 28217, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6) "person" as the term is defined by 47 U.S.C. § 153(39).

6. Does 1-10 (the "Collectors") are individual collectors employed by PMAB and whose identities are currently unknown to Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. PMAB at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A. The Debt**

8. Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to PMAB for collection, or PMAB was employed by the Creditor to collect the Debt.

11. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

2

B. **PMAB Engages in Harassment and Abusive Tactics**

12. Beginning in or around August of 2014, PMAB contacted Plaintiff in an attempt to collect the Debt.

13. PMAB called Plaintiff's cellular telephone [864-906-XXXX] by using an automated telephone dialing system ("ATDS" or "Predictive Dialer") and by using an artificial or prerecorded voice.

14. When Plaintiff answered the calls from PMAB she was met with a prerecorded voice instructing her to dial "1".

15. In September of 2014, during a live conversation with PMAB, Plaintiff advised PMAB that she did not owe the Debt and instructed PMAB to send her proof of the Debt.

16. Despite Plaintiff's demand, PMAB failed to send her a written letter within five days of its initial communication with Plaintiff.

17. PMAB also failed to inform Plaintiff it was calling in an attempt to collect a debt.

18. On another occasion, Plaintiff spoke to PMAB and instructed it to cease calling her cellular telephone, as the calls were causing Plaintiff a great deal of frustration.

19. Despite Plaintiff's explanation and request, PMAB continued calling Plaintiff at an excessive and harassing rate.

## COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT – 15 U.S.C. § 1692, *et seq*.

20. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

21. Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

22. Defendants' conduct violated 15 U.S.C. § 1692d(5) in that Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass.

23. Defendants' conduct violated 15 U.S.C. § 1692d(6) in that Defendants placed calls to the Plaintiff without disclosing the identity of the debt collection agency.

24. Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect a debt.

25. Defendants' conduct violated 15 U.S.C. § 1692g(a) in that Defendants failed to send Plaintiff an initial letter within five days of its initial contact with Plaintiff as required by law.

26. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

27. Plaintiff is entitled to damages as a result of Defendants' violations.

## COUNT II

### VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT – 47 U.S.C. § 227, et seq.

28. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

29. Without prior consent/having revoked consent, PMAB contacted the Plaintiff by means of automatic telephone calls or prerecorded messages at a cellular telephone in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

30. Defendants continued to place automated calls to Plaintiff's cellular telephone using prerecorded voice, knowing that it lacked consent to call her number. As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

31. The telephone number called by PMAB was assigned to a cellular telephone service for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

32. The calls from PMAB to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

33. PMAB's telephone system has the capacity to store numbers in a random and sequential manner and uses the system to place the calls.

34. As a result of each call made in negligent violation of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

35. As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## **PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;
2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendants;
3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

5

4. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) & (C);

5. Punitive damages; and

6. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: November 19, 2014

                                    Respectfully submitted,

                                    By _____

                                    Brian J. Headley, Esquire

                                    District of South Carolina Bar ID No. 11427
                                    The Headley Law Firm
                                    1156 Bowman Rd., Suite 200
                                    Mount Pleasant, SC  29464
                                    Telephone: (843) 375-6181
                                    Facsimile: (843) 375-6185
                                    bjheadley@yahoo.com
                                    bheadley@lemberglaw.com
                                    bheadley@lemberglaw.com

                                    <u>Of Counsel To</u>
                                    Sergei Lemberg
                                    LEMBERG LAW L.L.C.
                                    A Connecticut Law Firm
                                    1100 Summer Street, 3rd Floor
                                    Stamford, CT 06905
                                    Telephone: (203) 653-2250
                                    Facsimile:  (888) 953-6237